UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UMG Recordings, Inc., Atlantic
Recording Corporation, SONY BMG
Music Entertainment, Elektra
Entertainment Group, Inc., and BMG
Music,

                    Plaintiffs,

    -v.-                                    5:08-CV-00699
                                                  (NPM/GHL)

Ayisha Crockrell,

                    Defendant.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| FOR THE PLAINTIFF: | |
| Leclair Korona Giordano Cole LLP<br>150 State Street, Suite 300<br>Rochester, NY 14614-1353 | Steven E. Cole |
| FOR THE DEFENDANT | |
| Ayisha Crockrell | No appearance |

Neal P. McCurn, Senior District Judge

## Summary Order

      The plaintiffs in this copyright infringement action, UMG Recordings, Inc., Atlantic Recording Corporation, SONY BMG Music Entertainment, Elektra Entertainment Group, Inc., and BMG Music ("Plaintiffs"), seek a default judgment

against defendant, Ayisha Crockrell ("Defendant"), for violations of their exclusive rights in copyrighted materials.  See 17 U.S.C. § 501 (2002).  This action was commenced by the filing of a complaint and the issuance of a summons on July 1, 2008.  On July 15, 2008, a copy of said summons and complaint were properly served upon Defendant pursuant to Fed. R. Civ. P. 4(e)(2)(B), proof of which service was filed with this court on August 5, 2008.  See Dkt. No. 6.  Defendant has failed to appear, answer or otherwise move with respect to the complaint and Defendant's time to appear, answer or otherwise move has expired.  Consequently, at Plaintiffs' request, Defendant's default was entered by the Clerk of the Court on August 21, 2008.  Plaintiffs now apply for a default judgment pursuant to Fed. R. Civ. P. 55(b)(2).  Upon a careful review of the supporting declaration and memorandum of law submitted by Plaintiffs' counsel in support of a default judgment, the court has determined that Plaintiffs are entitled to the relief sought.

Plaintiffs allege that Defendant infringed their rights in ten copyrighted sound recordings by unlawfully distributing said recordings over the internet via an online media distribution system.  Defendant was identified by use of her Internet Protocol (IP) address to have downloaded 745 copyrighted audio files on March 30, 2007.  By this action, Plaintiffs seek statutory damages as well as a permanent injunction.  Plaintiffs allege that Defendant's conduct is ongoing, and accordingly Plaintiffs are without any remedy unless this court issues an injunction.

Pursuant to the Copyright Revision Act of 1976, as a remedy for infringement,

2

> the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just.

17 U.S.C. § 504(c)(1). In addition, the court may grant a permanent injunction "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." § 502(a). Here, Plaintiffs seek statutory damages of $750 per each of ten infringed sound recordings, as well as a permanent injunction enjoining Defendant from directly or indirectly infringing Plaintiffs' rights in said sound recordings and in any other sound recording, whether now in existence or later created, that is owned by Plaintiffs. Similar relief has been granted on a motion for default judgment in several other cases. See UMG Recordings, Inc. v. Griffin, No. 1:08-cv-00274, 2008 WL 4974856 (N.D.N.Y. Nov. 24, 2008); Interscope Records v. Sharp, No. 1:05-cv-920, 2007 WL 4555905 (N.D.N.Y. Dec. 19, 2007); Capitol Records, Inc. v. Galindo, No 06-cv-6423, 2007 WL 2509711 (W.D.N.Y. Aug. 30, 2007); Interscope Records v. Owusu, No. 5:05-cv-0102, 2007 WL 2343676 (N.D.N.Y. Aug. 13, 2007); Atlantic Recording Corp. v. Terrell, No. 5:05-cv-919, 2006 WL 2038657 (N.D.N.Y. 2006).

Accordingly, it is ORDERED that Defendant shall pay damages to Plaintiffs for infringement of Plaintiffs' copyrights in the sound recordings listed in Exhibit A to the Complaint, in the total principal sum of Seven Thousand Five Hundred Dollars ($7,500.00); and it is further

ORDERED that Defendant shall further pay Plaintiffs' costs of suit herein

in the amount of Four Hundred Twenty Dollars ($420.00); and it is further

  ORDERED that Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the following copyrighted sound recordings:

> · "How Deep Is Your Love," on album "Enter the Dru," by artist "Dru Hill" (SR# 290402);
> · "Get Money," on album "Conspiracy," by artist "Junior Mafia" (SR# 225941);
> · "Friend of Mine," on album "Soul of a Woman," by artist "Kelly Price" (SR# 188958);
> · "Musiq Soulchild," on album "Aijuswanaseing," by artist "Musiq" (SR# 291528);
> · "The Message," on album "It Was Written," by artist "Nas" (SR# 220016);
> · "Breakdown," on album "Butterfly," by artist "Mariah Carey" (SR# 244014);
> · "Nobody," on album "Keith Sweat," by artist "Keith Sweat" (SR# 226496);
> · "Hate Me Now," on album "I Am," by artist "Nas" (SR# 175149);
> · "Love Come Down," on album "Get Loose," by artist "Evelyn King" (SR# 41907);
> · "One Mic," on album "Stillmatic," by artist "Nas" (SR# 305698);

and in any other sound recording, whether now in existence or later created, that is owned or controlled by the Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.  Defendant also shall destroy all copies of Plaintiffs'

Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

IT IS SO ORDERED.


DATED: January 21, 2009
Syracuse, New York


_____
Neal P. McCurn
Senior U.S. District Judge